| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | T̲HE C̲ITY OF N̲EW Y̲ORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARTHA NIMMER**<br>*Special Assistant Corporation Counsel*<br>Cell: (917) 499-8632 |

*Plaintiff shall respond to Defendant's letter by August 18, 2021.*

August 13, 2021

**VIA ECF**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
Room 1320
New York, NY 10007

SO ORDERED.
Date: August 16, 2021
New York, New York

JOHN P. CRONAN
United States Disrict Judge

Re: *S.S. obo K.C. v. New York City Dep't of Educ.*, 21-cv-2134 (JPC)(SLC)

Dear Judge Cronan:

    I am a Special Assistant Corporation Counsel in the office of Corporation Counsel Georgia M. Pestana, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.*, as well as for this action.

    I write to respectfully request that Your Honor relieve the parties of the obligation to go to mediation in this case, as ordered in ECF No. 16. Plaintiff does not consent to this request and, at my request, has stated the following as the basis for withholding consent: "*We have not worked together in the past*[1] and you are already assuming that I am unwilling to settle the current matter. Furthermore, your employer continually tries to admonish us for not settling when you, in fact, are the one requesting an immediate briefing schedule *without an attempt at resolution.*" [2] (emphasis added)

---

[1] It is unclear why counsel makes this statement: Beginning on March 30, 2021, I have been assigned to twelve (12) IDEA fees-only cases brought by CLF, and I have personally attempted to negotiate settlement in two (2) of those cases directly with Mr. Corretti as opposing counsel for months now (this case, where settlement negotiations that began on May 5, 2021 with the City's settlement offer, and continued on May 12, May 19, May 21 and May 26, 2021), and in *M.H. v. N.Y.C. D.O.E.*, 21-cv-2082(JPO)(BCM), where settlement discussions took place on July 29, July 30 and August 2, 2021); and I have corresponded with Mr. Coretti in two additional cases filed recently: *M.R. v. N.Y.C. D.O.E.*, 21-cv-5503 (VEC)(SN); and *V.W. v. N.Y.C. D.O.E.*, 21-cv-6495 (PGG)(KHP).

[2] Again, in view of the good faith settlement negotiations my office initiated in this case as set forth in footnote "1", *supra*, it is unclear why counsel would make this baseless assertion; and supports Defendant's contention that CLF does not plan to negotiate in good faith in this case.

      Defendant makes this request in view of very recent developments, which have made clear that the Cuddy Law Firm ("CLF") is unwilling to negotiate, in good faith, settlement of this and many other currently pending IDEA fees-only cases.  Defendant believes very strongly that mediation in this case will only serve to create additional billable hours for the Cuddy Law Firm.

      As the Court may be aware, there is a multitude of Judges within this district who have motions pending in IDEA fees-only cases represented by the CLF, as well as Judges in this district who have recently issued decisions in CLF cases with increasing frequency, three in just the past month. *See J.R. v N.Y.C. Dep't of Educ.*, 19-cv-11783 (RA)(S.D.N.Y. Aug. 4, 2021) ($350/hr. for senior Cuddy attorneys, $250 for junior attorneys (with experience ranging from 2 years to 5 years, and $100/hr. for all paralegal staff); *M.D. v N.Y.C. Dep't of Educ.*, 20-cv-6060(LGS) (S.D.N.Y. July 16, 2021) ($375/hr. for senior Cuddy attorneys and $100/hr. for all paralegal staff); *H.C. v N.Y.C. Dep't of Educ.*, 2021 U.S. Dist. LEXIS 113620 (S.D.N.Y. June 17, 2021 "Until the Second Circuit modifies the directives set forth in Arbor Hill, this court is constrained to determine, as it has done here, the cheapest hourly rate an effective attorney would have charged" ($360/hr. for senior Cuddy attorneys and $100/hr. for all paralegal staff); *S.J. obo K.H. v. N.Y.C. Dep't of Educ.*, 2021 U.S. Dist. LEXIS 6180, 20-cv-1922 (S.D.N.Y. Jan. 21, 2021)(LGS)(SDA) ($360/hr. for senior Cuddy Law Firms attorneys, and $200/hr. for a junior associate.)

      My office is currently briefing a multitude of IDEA fees-only cases brought by CLF, and I note that CLF has filed appeals to the Second Circuit in the two decisions cited above issued recently by Judge Schofield (*S.J.* and *M.D.*) and the decision by Judge Cott, cited above (*H.C.)*; CLF is presumably intent on filing an appeal of the decision issued just nine days ago by Judge Abrams, also cited above.  It is Defendant's belief that CLF intends to brief their hourly rates to many judges within this District while those appeals to the Circuit are pending, and we believe—based on settlement negotiations to date—that this is one such case that CLF has chosen for briefing, unless they can extract an unfair settlement from the City.  Such use of this honorable Court's time, as well as the Court-appointed mediator, should not be countenanced.

      For all these reasons, and for the purpose of judicial economy and preserving the resources of this Court, the Mediator and the Defendant, Defendant respectfully requests that it be relieved of its obligation to participate in mediation in this case, and that the Court require the parties to submit a briefing schedule no later than August 20, 2021, in the event this case is not resolved by that date.

      Thank you for considering this request.

      Respectfully submitted,

      */s/*
Martha Nimmer
Special Assistant Corporation Counsel

cc:    Justin Coretti, Esq. (via ECF)